HEFFERNAN v. THE MILWAUKEE MECHANICS' INS. CO.

(Decided April 29, 1929.)

*Mr. C. F. McConnell,* for plaintiff in error.
*Messrs. Quigley & Byrnes,* for defendant in error.

VICKERY, P. J.  This cause comes into this court on a petition in error to the municipal court of the city of Cleveland, the purpose being to reverse a judgment rendered upon a verdict of a jury in favor of the defendant in error, who was plaintiff below. Several errors are urged by plaintiff in error, Helen Heffernan, why this judgment, and the verdict upon which it is based, should be set aside and reversed.

The situation is rather a novel one, as shown by this record.  The facts are largely conceded.  From the record we learn that the plaintiff in error was the owner of an automobile.  The bill of sale was in her name, and she had paid for the automobile, and while thus owning this automobile she took out a policy of insurance with the defendant in error com-

pany against theft, robbery, and pilfering, and there may be other conditions of the policy, but these are the only ones applicable to the case at bar; that while this policy was in full force, and the premium paid, the automobile was stolen from her, and she did not gain possession of the car again, or learn anything at all about it until long afterwards, if ever; but within the time prescribed in the policy she made proof of her loss, and reported the theft or loss of her car to the police, and, as already stated, she made a claim to the insurance company, who, upon investigation, found that the car had been stolen, and paid to her the amount of money that the car was insured for.

Some long time afterwards the police discovered this car and reported it to the plaintiff in error, the former owner of the car, and, the insurance company having paid for the car, the police gave it the information also. Whereupon an investigation was apparently made by the insurance company, and it found, to its satisfaction, that this car had been taken or stolen by the husband of Mrs. Heffernan, and demanded the return of the money, on the theory of an exception in its favor contained in the policy, which in effect is as follows: "Excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occur during the hours of such service or employment or not." The insurance company claims that, inasmuch as this automobile was stolen by the husband, there could be no such thing as theft, and, consequently, the condition of the policy had not been broken, and the money was paid under a mistake of fact, and could

be recovered. That was the theory of the defendant in error's lawsuit, when it was plaintiff in a suit to recover this money.

Now there are two things to note in this exception: That there must not only be a theft, but, in order to exempt the company from liability, the automobile must be taken by some person who is not a member of the household or in the employ or service of the insured. Now the record in this case—as it is conceded that the plaintiff in error and her husband did not and had not lived together for some time—shows that the husband was not a member of her household. It seems that she had brought a suit for divorce and custody of the children, and alimony, against him, and he had filed a cross-petition against her. The court, hearing the divorce proceedings on the petition and cross-petition, had refused the divorce to either of the parties, and dismissed the cross-petition, and allowed the plaintiff alimony or support for the children from the husband, and ordered him to pay it, which the record shows he had not paid; nor was he living in, nor was he a member of, the household, and had not been for some length of time prior to this so-called theft; but, the bonds of matrimony not being dissolved, the parties were still husband and wife, and it is claimed that in that relation the husband could not be guilty of theft from the wife.

As a proposition of criminal law, we would at once concede that this is true; that notwithstanding the vast latitude in the rights of women, so far as contracting and being contracted with, and so far as owning property separate and independent of the husband, are concerned, the fiction still remains

that, so far as criminal acts are concerned, the husband could not steal from the wife, nor the wife from the husband, for, however incongruous the relations may be, however strained, however long they may have lived apart from each other, however much they may contract and enforce contracts between themselves, they are in the eyes of the law *one,* and the property of the one is the property of the other, to the extent, at least, that one of the parties cannot be found guilty of stealing from the other. That seems to have been the view that the judge below took of this, and, if her view was correct, she should not have submitted this to the jury, but should have directed a verdict, because the *facts* are without question and are beyond dispute.

But now, does it follow that, because the husband could not be convicted in a criminal court of stealing his wife's automobile, an insurance company would not be liable upon a theft policy? It is the exception that governs the question of the theft. If a husband, not being a member of the family, not being in the employ or the service of the family, took this property away with the intention of converting it to his own use, and depriving the wife permanently of the control and ownership of it, he would be guilty of theft, so far as the definition of theft is concerned, and it is only the peculiar fiction in the law of the husband and wife being one that prevents a successful criminal prosecution against him. This wife owned this automobile. She insured it, and paid the premium, and to all intents and purposes this car was stolen from her, and she was deprived of the control and ownership of it, and this car was taken against her will, with the intention of permanently depriving her of control over it.

Now, the exception in the insurance policy is that, if an article is stolen by a member of the household or by some one in service, then, no matter whether the party could be convicted of larceny or not, the insurance company is not responsible, because it comes within the exception. Let me illustrate: I have a gardener working on my place. I have an automobile. It is insured against theft, and if that gardener should steal my automobile he could be convicted of stealing, but I could not hold the insurance company, because he was a member of my household or in my service. Now, if that is true, the converse of that can likewise be true; that is, if the car be stolen by anybody who is not a member of the household, or who is not in service in the household, the insurance company can be held responsible, even though you could not convict the thief for the larceny. In other words, if the insurance company who made this policy wanted to guard against the taking of an automobile by a man who in the eyes of the law is the husband, but as a matter of fact is not a resident or an inmate of the family, either by service or living in the family, it might do so by putting such a provision in the policy. Not having done so, the question resolves itself down to this: That this car was *stolen* from the possession of the insured, the plaintiff in error, but the mere fact that the thief was the husband, and, because of the relation existing between him and the insured, cannot be prosecuted successfully in a criminal prosecution, does not release the insurance company from liability upon its policy, where, as a matter of fact, the thief, although the husband, was not a member of the household.

The record in this case shows that this car was taken without the knowledge and without the consent of the plaintiff in error, wrongfully taken, by a person who was not an inmate of her family, and had not been such for a long time, and by one not in service, nor had he ever been in service, and was taken for the purpose of depriving her of the control and ownership of this car, and the policy of insurance covered this kind of a loss, and, if the insurance company wants to make other exceptions in its policy, it must put them in. Furthermore, we do not think it is necessary to construe the word "theft" in this policy as an act so in violation of the law that the one who commits the act must necessarily be convicted of the crime of larceny. In other words, there may be a theft without necessarily subjecting the person who steals the article to the punishment for larceny.

Now, there is nothing in this record to show that there was any collusion between the husband and wife. On the contrary, it is definitely stated that there was no collusion; that this woman was acting in good faith when she presented her claim, and that the insurance company, believing that she acted in good faith, voluntarily paid the money over to her. Now, there was no mistake of fact; the insurance company at the time did not know who took the machine, neither did the wife; but the record does show that it was not taken by one who comes within the exception here, and the only loophole on which the defendant in error won, and hopes to win, is because years afterwards it turned out that a husband, who was not living with his family, but who had separated from his wife and family, and was not an

inmate of the household, took the car. Then the insurance company brought the action to recover this money that was paid under what it claims a mistake of facts. As already stated, the only fact it relies upon is that because, notwithstanding the broken relation between these persons, or at least the relation strained to such an extent that they lived separate and apart, the husband not even supporting his children, they still were one in the eyes of the law.

We think we have said enough to show that in our judgment this theft was complete, and it was not perpetrated by one who comes within the exception, and it makes no difference whether the person who stole this car could be successfully prosecuted or not. It was a theft within the meaning of this policy, and, the insurance company having paid the money, we think there was error in the court's permitting it to maintain a suit to recover.

We think the verdict, and the judgment based thereon, is contrary to the weight of the evidence, and is contrary to the law; that the court should have granted a new trial, or entered up a judgment for the defendant below upon this record. Such having been the judgment which the court ought to have rendered, we will reverse this case and enter up final judgment for the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

SULLIVAN and LEVINE, JJ., concur.