No. 31,393

W. H. VAUGHN, *Appellee,* v. AMERICAN ALLIANCE INSURANCE COMPANY OF NEW YORK, *Appellant.*

(27 P. 2d 212.)

Opinion filed December 9, 1933.

*Elmer W. Columbia,* of Parsons, for the appellant.

*J. W. Dalton,* of Sedan, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on a policy of insurance which protected plaintiff's automobile from theft by anybody except a member of his household.

The defense was that the theft was committed by plaintiff's own son, Haldean Vaughn, and that this fact relieved it of liability.

Plaintiff's reply contained a general and specific denial, and alleged that if it was stolen by his son "at the time of the alleged theft, the said Haldean Vaughn was not a member of plaintiff's household within the terms and conditions of said policy."

A jury was waived and the cause was tried by the court which made findings of fact, the substance of which was that the automobile was stolen by plaintiff's son, Haldean Vaughn and three other persons on the night of December 14, 1932; and—

"Second, that Haldean Vaughn was a son of plaintiff and had been paroled to the plaintiff from the penal institution on October 26, 1931. That said parole expired October 6, 1932, prior to the theft of the car, as hereinbefore stated.

"Third, that the said Haldean Vaughn stayed at the home of the plaintiff during the time of said parole and until Thanksgiving Day, 1932. That he put in a crop on a nearby farm, worked in and out of plaintiff's home and occasionally worked at neighbors doing farm work in that community.

"Fourth, that on or about the 15th day of November, 1932, the said Haldean Vaughn sold his interest in his crops to the plaintiff and that some time subsequent to November 15, 1932, and prior to Thanksgiving of that year, the said Haldean Vaughn purchased a car, using for that purpose money which he had received from plaintiff for the crop which he had raised.

"Fifth, that the said Haldean Vaughn told plaintiff he was going to seek work elsewhere and, Thanksgiving Day, November 24, 1932, was the last time that the said Haldean Vaughn was seen at the home of the plaintiff. That he took his clothes with him and left no property at his father's house except a few items of clothing unsuitable for use."

The sixth and seventh findings were that on the night the thieves stole plaintiff's automobile they also stole some harness and other property and took the automobile to Fairview, Okla., where it was abandoned. The thieves then traveled through Oklahoma into Texas, and thence back to a place in Osage county, Oklahoma, where Haldean Vaughn got his clothing which he had kept there. He then returned with two of his fellow thieves to Longton, Kan., where he left them, and became a fugitive from justice. Other findings of fact read:

"Eighth, that at no time has the plaintiff refused permission to his son, the said Haldean Vaughn, to return home or denied him the privilege of staying at his house if he so desired.

"Tenth, that the plaintiff incurred expense in recovering said automobile and suffered damage to said car in the aggregate sum of $111.12."

The trial court's conclusions of law were—

"First, that at the time of the theft on December 14, 1932, the said Haldean Vaughn, son of the plaintiff, was not a member of plaintiff's household within the meaning of the provision of said insurance policy.

"Second, that the plaintiff is entitled to recover a judgment from the said defendant in the sum of $111.12, with interest . . . with costs."

Judgment was entered accordingly, and defendant appeals, contending that on the findings of fact set out above, Haldean Vaughn, the wayward son of plaintiff, who had at no time been refused permission to return home and had not been denied the privilege of staying in plaintiff's house if he so desired, was "a person in the assured's household" under the terms of the policy at the time he stole the automobile, and consequently defendant was not liable.

It does not follow, however, when grown sons and daughters leave home to make their own way in the world that they continue to be members of their parents' household, although they are privileged to return thereto when so inclined. Plaintiff's son had adopted a career of crime, had been adjudged guilty of some penal offense and paroled to his father, during which period of parole he was, of course, a member of his father's household, and so continued after his term of parole was ended until about the middle of November, 1932. At that time he closed out his venture in tenant farming, sold his crop, announced his purpose to seek work elsewhere, and on November 24, 1932, left his father's home and took his clothes with him, leaving no useful property behind. Since that incident he has been a vagrant and fugitive from justice. Can it be said that under such circumstances the son was a member of the father's household at the time the automobile was stolen?

Defendant cites the rule stated in 5 R. C. L. Supp. 3859, that where a policy insured against theft of an automobile except by members of the assured's household, the burden rests on the assured to prove that the theft was not committed by any of the excepted persons. Here, however, the facts were all established, and they are not complained of, so our present question is purely one of law. The policy did not define the term "household," so we turn to adjudicated cases for its definition.

Bouvier defines it thus:

"Those who dwell under the same roof and constitute a family."

In 30 C. J. 474 it means—

"A family living together; a number of persons dwelling under the same

roof and composing a family; and by extension, all who are under one domestic head; persons who dwell together as a family; the place where one holds house, his home."

In Webster's New International Dictionary, the term means—

"Those who dwell under the same roof and compose a family; a domestic establishment; family."

In Words and Phrases, 2d ed., 919, it is said:

"The words 'family' and 'household' are often interchangeably used. A family is a collective body of persons living in one house and under one manager. It consists of those who live with the *pater familias*. *Pearre v. Smith*, 73 Atl. 141, 142, 110 Md. 531."

Counsel for appellant, among other cases, cites *Home Ins. Co. v. Pettit*, 225 Ala. 487, where the assured was in business for himself but spent part of his time—"over week ends"—at his father's home. The uncle of the assured also became a temporary guest in the father's home. This uncle stole the assured's automobile. The court held that the insurance company was not liable because the theft was by a "person in the assured's household."

Another case cited by appellant was *Rydstrom v. Queen Ins. Co.*, 137 Md. 349, 14 A. L. R. 212, the headnote of which reads:

"A nephew of the assured who, while spending a few days at the latter's home, took the key of the latter's automobile from his bedroom and obtained the automobile from the public garage at which it was kept, *held* to be a person 'in the assured's household' within the meaning of the exception in a policy insuring the automobile against theft except by such a person."

In our view, the analogy between these cases and the one at bar is far from complete. In both the thief was actually a temporary member of the assured's household when the theft was committed. A case much closer to the one before us was *Heffernan v. Mechanics Ins. Co.*, 33 Ohio App. 207, the syllabus of which states the case and the decision:

"Where husband, not living with wife, though not divorced, without knowledge or consent of wife, took automobile, and insurance company paid wife for theft of automobile, insurance company could not recover money paid, under provision of policy that company would not be liable for theft by any person in assured's 'household,' for although husband could not be convicted for theft of automobile, he was not member of household."

In affirming this decision the Ohio supreme court said:

"This policy contained a general covenant of insurance against theft; the exception relieved it from theft only if it were committed 'by any person or persons in the assured's household.' It is evident that the parties to the con-

tract did not have in mind the common-law rule that a husband or wife cannot steal from one another, but had in mind rather the nonliability of the insurance company when the theft was committed by a member of the household. Had the husband been a member of the household, there would have been no liability under the terms of the policy. The parties were contracting with reference to the status of the husband and others as members of the household; and, since the husband was not a member of the wife's household at the time of the theft of the sedan, a liability arose under the policy, because it restricted its nonliability solely to instances where the theft was committed by a person in the assured's household." (*M. M. Ins. Co. v. Heffernan,* 121 Ohio St. 499, 501.)

It seems clear to us that plaintiff's son was not "a person in the assured's household" at the time he stole his father's automobile within the terms of the insurance policy, and the judgment is therefore affirmed.

HUTCHISON, J., not sitting.