Argued and submitted April 7, reversed April 28, 1971

SCHEHEN, *Respondent*, v. NORTH-WEST
INSURANCE COMPANY, *Appellant*.

484 P2d 836

*Sidney E. Thwing*, Eugene, argued the cause for appellant. With him on the briefs were Randall E. Thwing, and Thwing, Atherly & Butler, Eugene.

*J. Michael Starr*, Eugene, argued the cause for respondent. With him on the brief were Sahlstrom, Starr & Vinson, Eugene.

Before McALLISTER, Presiding Justice, and

Denecke, Holman, Tongue, Howell, and Bryson, Justices.

HOLMAN, J.

This is an action on a policy of automobile liability insurance brought by plaintiff through her guardian as an assignee of the named insured. From a judgment for plaintiff entered pursuant to a jury verdict, defendant appeals.

The principal issues are an interpretation of a driver limitation endorsement upon the coverage afforded by the policy and whether there was sufficient evidence to sustain coverage for the accident in which plaintiff was injured. The endorsement provided that no coverage would be afforded by the policy while any insured automobile was being operated by any driver other than the named insured or a *resident relative member of his household.*

At the time of the accident, the vehicle causing plaintiff's injuries was being operated by the adult daughter of the named insured. The named insured practiced dentistry in the city of Eugene. In 1962 he built a duplex. He rented half of it and resided in the other half with his wife, his adult daughter, and her two teen-age children. In 1964, he moved his practice of dentistry to Klamath Falls. He purchased a home in Klamath Falls and lived there with his wife until 1968, when they returned and again lived with their daughter and her children in half of the duplex. During the time he practiced dentistry in Klamath Falls, he continued to contribute to the support of his daughter and her two children who remained in the duplex in Eugene. He maintained their home, paid

the utilities, and furnished money to his daughter. He and his wife visited their daughter on an average of once every month or six weeks. They had bedrooms set aside for their use during these visits. They left household equipment in the duplex which their daughter and grandchildren continued to use. The named insured maintained his club memberships in Eugene and at times received mail at the duplex. He always considered Eugene his home and intended to return to live in the duplex with his daughter and grandchildren, and, in fact, he did so return in 1968.

In March 1967, the named insured purchased the policy in question from an agent in Klamath Falls. It covered two vehicles; one used by himself, and one used by his wife. Their daughter secured a job babysitting and needed transportation, so, with the consent of her mother, she borrowed and retained in Eugene the vehicle which her mother normally drove. In June of 1967, while the daughter was operating such vehicle, an accident occurred which injured plaintiff. Defendant denied coverage for the accident and refused to defend. Plaintiff secured a judgment against the daughter, the named insured, and his wife. The named insured assigned his rights under the policy to plaintiff, and this action to enforce the policy resulted.

Defendant contends the trial court erred in failing to grant its motions for an involuntary nonsuit and a directed verdict because the driver of the vehicle at the time of the accident was not a resident relative member of the named insured's household. We agree. The definitions of "household" given in Webster's 3rd New International Dictionary, Unabridged (1963), are as follows: "Those who dwell under the same roof and compose a family"; and, "A social unit comprised of

those living together in the same dwelling place." "Household" as a noun has been defined in *Allen v. Multnomah County*, 179 Or 548, 173 P2d 475 (1946) as follows:

> "* * * As a noun, the word has been defined as 'persons who dwell together as a family.' *Arthur v. Morgan*, 112 U.S. 495, 5 S. Ct. 241, 28 L. ed 825. 'The words "family" and "household" are often interchangeably used. A family is a collective body of persons living in one house and under one manager. It consists of those who live with the pater familias.' *Vaughn v. American Alliance Ins. Co. of New York*, 138 Kan. 731, 27 P. (2d) 212.

> " '* * * The term "family" is one of a very comprehensive and varied signification; and, as said by Judge Ellison in Lister v. Lister, 73 Mo. App. loc. cit. 104: "It may be of narrow or broad meaning as the intention of the parties using the word, or as the intention of the law in using it, may be made to appear." It may be seen by reference to the standard dictionaries of the English language that this word comes from the Latin *familia*, the definition of which is *household*. * * *' *Ferbranche v. Grand Lodge*, 81 Mo. App. 268, 271." 179 Or 548 at 553.

Although the term "household" may be somewhat elastic, all of the definitions seem to have a common factor. They require that the members of the "household" dwell or live together. We believe the term was intended to be so used in the present context. It is obvious that the named insured dwelled or lived in Klamath Falls where he practiced dentistry for a period of four years. It is equally obvious that, during that time, his daughter lived in Eugene. Regardless of the facts that he maintained his daughter and her family in a residence in Eugene and that he considered it his home and intended to return there,

he and his daughter did not live together and could not form a household. An occasional trip to Eugene, primarily for the purpose of visiting his daughter and her family, did not constitute sufficient evidence to submit to a jury that he lived, dwelled, or resided in Eugene. Practicing dentistry in Klamath Falls on a regular basis and continuing to live or dwell with his daughter in Eugene stretches credulity. The two cities are 173 miles apart and are separated by a high mountain range.

Plaintiff depends upon cases which hold that an individual may have more than one household. This may be possible if such person divides his time between the two localities on a regular basis. However, this was not the case here.

Accordingly, the trial court erred in failing to grant defendant's motions for a nonsuit and a directed verdict. Because of our disposition of these issues, it is unnecessary for us to discuss defendant's other assignments of error.

The judgment of the trial court is reversed.