Argued February 20, reversed May 7, reconsideration
denied June 5, petition for review allowed
July 17, 1979, 287 Or 129

GARROW, *Appellant,*
*v.*
PENNSYLVANIA GENERAL INSURANCE CO.,
*Respondents.*
(No. A7707 09382, CA 11092)

594 P2d 415

Jerold L. Billings, Portland, argued the cause and filed the briefs for appellant.

Kent C. Whitaker, Portland, argued the cause for respondents. With him on the brief was Whitaker & Whitaker, P.C., Portland.

[23]

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

This is a suit for declaratory judgment seeking a determination that plaintiff is entitled to personal injury protection coverage under his father's automobile liability policy with defendant.[1] The trial court held there was no coverage and the plaintiff appeals.

Plaintiff alleged that "[p]laintiff was injured in a motor vehicle accident while operating a motorcycle * * *." Defendant stipulated to the truth of that allegation. There is no further evidence regarding the facts of the accident. The trial court held that there is no coverage because a motorcycle is not a "motor vehicle" as defined by statute.

■ Although the terms of the policy may arguably exclude compensation for accidents occurring while the insured is riding a motorcycle, the extent of personal injury protection coverage is controlled by statute and the policy may not provide lesser coverage than that required by the statute. *Peterson v. State Farm Ins. Co.,* 238 Or 106, 393 P2d 651 (1964); *Farmers Insurance v. Ownby,* 40 Or App 15, 594 P2d 834 (1979). The controlling statute is ORS 743.800, which provides:

> "Every motor vehicle liability policy issued for delivery in this state that covers any private passenger motor vehicle other than a motorcycle shall provide to the person insured thereunder and members of his family residing in the same household injured in a motor vehicle accident, passengers injured while occupying the insured motor vehicle and pedestrians struck by the insured motor vehicle, the following hospital, medical, disability and funeral benefits for each accident * * *."

■ The statute expressly provides for compensation for a member of the insured family who is "injured in a motor vehicle accident" regardless of whether the motor vehicle is the insured motor vehicle and also

---

[1] The trial court finding that plaintiff is insured as a family member is not cross-appealed.

regardless of whether the insured person is a driver, passenger, pedestrian or anything else, so long as the injury is incurred in a motor vehicle accident. The stipulated fact is that the plaintiff was injured in a "motor vehicle accident." In this factual context, it is immaterial whether plaintiff was riding a motorcycle at the time he was injured in the motor vehicle accident. Therefore the legal issue decided by the trial court and argued by the parties on appeal is not presented under the facts of this case and, absent a further showing of fact, plaintiff is entitled to personal injury protection coverage.

Reversed.