Argued and submitted October 3, affirmed December 18, 1979

# GARROW,
*Respondent,*
*v.*
# PENNSYLVANIA GENERAL
# INSURANCE CO., et al
*Petitioners.*

## (No. A7707-09382, CA 11092, SC 26267)

603 P2d 1175

Kent C. Whitaker, of Whitaker & Whitaker, P. C., Portland, argued the cause and filed the petition and brief for petitioners.

Jerold L. Billings, Portland, argued the cause and filed a brief for respondent.

HOLMAN, J.

## HOLMAN, J.

This is a proceeding for a declaratory judgment that defendant insurance company's policy of automobile liability insurance provides plaintiff with hospital, medical, and disability benefits (known in the trade as PIP coverage). The trial court ruled that defendant's policy provided no such coverage for plaintiff. The Court of Appeals reversed, holding that the policy did provide coverage. 40 Or App 23, 594 P2d 415 (1979). This court granted review.

Plaintiff is the son of Paul Garrow, who is the named insured under defendant's policy. The issue is whether the provisions of ORS 743.800 provide plaintiff with PIP coverage under his father's policy. The statute provides:

> "Every motor vehicle liability policy issued for delivery in this state that covers any *private passenger motor vehicle other than a motorcycle* shall provide to the person insured thereunder and *members of his family residing in the same household* injured in a *motor vehicle accident,* passengers injured while occupying the insured motor vehicle and pedestrians struck by the insured motor vehicle, the following hospital, medical, disability and funeral benefits for each accident:
>
> "* * * * *." (Emphasis added.)

The liability policy issued to plaintiff's father covered a private passenger motor vehicle registered to the father. Plaintiff was injured while riding his own motorcycle. At the time of his injury he was married and had a child. Plaintiff and his wife and child were living with his parents, and plaintiff was paying his parents $100 per month for room and board, which amount was inadequate to cover such expenses. Apparently, plaintiff had married about the time he went into the armed forces and he and his wife moved in with his parents. The only separate household he ever established with his wife was in California while he was in basic training there. Upon his separation from the service he did not secure a job and the

[217]

monthly payments to his parents came out of unemployment compensation.

Two contentions are made by defendant in its petition for review: (1) There was no PIP coverage because plaintiff was riding upon a motorcycle at the time of his accident, which was not a vehicle covered by his father's liability insurance; and (2) plaintiff was not a member of his father's family residing in his father's household.

Assuming for the moment that plaintiff was a member of his father's family residing in his father's household, the Court of Appeals properly decided that the statute provided coverage despite plaintiff's being injured while riding a motorcycle not covered by the policy. To paraphrase the statute, the liability policy covered a "private passenger motor vehicle other than a motorcycle" belonging to plaintiff's father, the named insured. In addition, plaintiff was injured in "a motor vehicle accident," in that a motor vehicle is defined by ORS 743.800 as "a self-propelled land motor vehicle or trailer" with certain exceptions not applicable here. By definition, a motorcycle is a motor vehicle under the statute. The exclusion of motorcycles which appears in the statute does not disqualify plaintiff from PIP coverage because it refers only to the kind of vehicle covered by liability insurance and is not a limitation upon the kind of vehicle in which one must be injured in order to have PIP coverage. There is no prerequisite to PIP coverage for members of the named insured's family residing in his household that they be injured while occupants of or having anything to do with an insured vehicle. Persons who were passengers in an insured vehicle also have PIP coverage by another provision of the statute, and the family-member-residing-in-the-household provision would have been unnecessary and surplusage if one seeking coverage under the provision were also required to be an occupant of an insured vehicle.

[218]

Defendant argues as follows:

"The statute, ORS 743.800, says that as to the owner of a motorcycle, even if he carries liability insurance, neither the owner, nor any member of his family, nor anyone using the motorcycle with his permission, is provided the mandatory PIP (Personal Injury Protection).

"It would indeed be strange that the legislature would have intended to permit such coverage by some indirect means, having barred it by any direct means."

Defendant's assumption is not necessarily correct. If the policy covers a private passenger vehicle other than a motorcycle (and it does), there is nothing in the statute which limits PIP coverage for a member of the named insured's family living in his household except that the injury be suffered in a motor vehicle accident (which it was). If these qualifications are met, plaintiff is covered whether he is injured while riding his own, his father's or someone else's motorcycle, and it makes no difference whether such motorcycle is covered by liability insurance or not. The statute can be construed to mean only that if the liability policy is issued upon a motorcycle alone, there will be no PIP coverage under it for anyone. While the reasons for making such distinctions in a statute are obscure and are not within our knowledge, they could be so varied and peculiar to the insurance industry that we cannot conclude, as defendant does, that it brings about an irrational state of affairs.

Defendant argues that because the policy issued by it contains the following provision, plaintiff is excluded from coverage:

"This insurance does not apply:

"* * *(f) to bodily injury sustained by a relative while occupying any automobile [an automobile is defined by the policy to include a motorcycle] owned by such relative * * * and not insured for Oregon Personal Injury Protection benefits."

There is no provision of the statute which permits such language in PIP coverage. Defendant asserts, however, that this provision has been approved by the Insurance Commissioner for inclusion in policies issued pursuant to the statute. He argues that such approval necessarily involves a construction by the Commissioner that the statute does not require PIP coverage in a situation covered by the quoted language. The answer to this contention is that the language of the statute cannot be logically construed in this manner, and it is the words of the statute, not the provisions of the policy or the Commissioner's construction, which prevail. *Peterson v. State Farm Ins. Co.,* 238 Or 106, 393 P2d 651 (1964).

The remaining issue is whether plaintiff was a member of his father's family, residing in his father's household, as required by the statute.[1] There is no dispute in the evidence relative to this problem. The evidence does not disclose a factual situation from which it can be said that differing inferences could be drawn.[2] There can be only one correct decision and, therefore, the question is one of law. There is no contention of the defendant to the contrary.

In order to be a member of the named insured's family and household for purposes of the statute, it is necessary that plaintiff live under the same roof as the named insured.[3] Also, evidence whether a person pays

---

[1] This subject was not discussed in the opinion of the Court of Appeals on the basis that defendant had not cross-appealed. There was no necessity that defendant cross-appeal because the trial judge in ruling for defendant found that "the allegations and contentions of the plaintiff are not true." In view of these findings, there was nothing from which it was necessary for defendant to appeal. In addition to establishing the other requirements for coverage, plaintiff had to prove that he was a member of his father's family residing in his father's household.

[2] *See Waller v. Rocky Mtn. Fire & Casualty,* 272 Or 69, 75, 535 P2d 530 (1975), for a factual situation which we held to be one from which differing inferences could be drawn.

[3] *See Schehen v. North-West Insurance,* 258 Or 559, 561-563, 484 P2d 836 (1971), construing the words "resident relative member of his house-
*(Continued on following page)*

for his room and board or whether he is dependent upon the person with whom he lives for sustenance would be important in determining whether he would be considered a member of the household. In addition, the contemplated permanency of the arrangement by the parties thereto could be of importance, and whether the person claiming to be a member of the household had previously ordinarily lived in an independently established household of his own would be relevant.

The evidence here is quite sparse. Plaintiff is living under the same roof as his father. Taking into consideration what this court knows about the cost of living, plaintiff and his wife and child are primarily dependent upon plaintiff's father for food and shelter since $100 per month cannot cover the major portion of the cost of these items for plaintiff, his wife and child. Other than the evidence of past living arrangements, there is no evidence of the permanency of their living arrangement, except as it might be inferred from plaintiff's drawing of unemployment compensation that arrangements might be different when he gets a permanent, paying position. No one testified that this was the intention. Plaintiff was married in 1974, and at that time he moved in with his parents. After he went into the service he and his wife established a separate residence in California while he was in basic training there. There is no evidence of how long this arrangement lasted or where his wife lived during the time he was not in basic training. He had lived with his parents from the time of his separation from the service on December 21, 1976, to the time of his accident, which was April 1, 1977.

*(Continued from previous page)*
hold" which holds that members of a household must dwell or live together. *Also see Allen v. Multnomah County,* 179 Or 548, 553, 173 P2d 475 (1946), which holds that "family" and "household" are often interchangeably used; that as a noun "household" is composed of persons who dwell together as a family and a family is an elastic term and is a collective body of persons living in one house and under one manager. In addition, *see Waller v. Rocky Mtn. Fire & Casualty,* supra note 2.

Because of the gaps in information relevant to whether plaintiff was part of his father's household and because of plaintiff's burden to prove that he comes within the requirements of the statute for coverage, the result is a close one. A reading of the transcript leaves one with the feeling that the court and the parties, particularly the defendant and the court, were so engrossed with the question of whether plaintiff was disqualified from coverage because he was injured while riding a motorcycle that the question presently under consideration was not given much emphasis. Plaintiff almost had to fight the judge to put on any evidence at all on the issue. It is a close question whether defendant waived the issue, because such statements were made by its counsel as, "I don't see what the residency point has to do with it. He's attempting to go beyond the real question."; "I don't care what they use the $100 for."; as well as, "I'm not trying to make an issue out of the residence, per se." However, defendant's counsel at other times said he was raising the issue. The record is confusing, to say the least.

It is our conclusion that plaintiff is entitled to PIP coverage, and our decision rests primarily upon plaintiff's length of residence and the absence of any testimony that it was temporary, as well as his dependency upon his father for food and shelter for himself and his family while living in his parents' home. Such evidence is consistent with an intention by the parties to the insurance contract to protect the named insured from economic loss through the injury of those dependent upon him.

The decision of the Court of Appeals is affirmed.