**In re Charles Edward HARVEY, Jr., and Barbara Ann Harvey, fka Barbara Ann Capelle, both fdba Charles E. Harvey, Inc., Debtors.**

**Bankruptcy No. 682–07141.**

United States Bankruptcy Court, D. Oregon.

June 14, 1982.

Gavin Armstrong, Eugene, Or., for debtors.

Keith Boyd, Eugene, Or., for trustee.

## ORDER DENYING TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS
### (Memorandum Opinion)

C.E. LUCKEY, Bankruptcy Judge.

The debtors, Barbara Ann Harvey and Charles Edward Harvey, Jr., filed a joint voluntary petition in bankruptcy on February 23, 1982. At the time of the filing of the petition, the debtors were married but living separately. The respective addresses of the debtors' residences were set forth in their petition and their statement of affairs. In their schedule B–4 each debtor claimed $400 in miscellaneous specified cash equivalents, specifying § 23.160(1)(k) [sic], of the Oregon Revised Statutes as the statute creating the exemption. On March 30, 1982, the trustee filed an objection to the claimed exemptions stating the reasons for the objection as follows: "Two 'pourover' claims have been made in a joint petition, whereas only one is allowed per ORS 23.-160(3). Trustee has no objection to one such claim".

ORS 23.160(3) provides:

"(3) If two or more members of a household are judgment debtors, each judgment debtor shall be entitled to claim the exemptions in paragraphs (a), (b), (c), (d) and (j) of subsection (1) of this section in the same or different properties. The exemptions when claimed for the same

property shall be combined at the option of the debtors."

Construing the absence of the paragraph (k) exemption of ORS 23.160(1) from the exemptions of the enumerated paragraphs in ORS 23.160(3) for which each debtor in a household of two or more debtors is entitled to claim the exemption, as precluding more than one debtor per household from claiming the exemption provided in ORS 23.-160(1)(k) is necessary for meaningful interpretation of the trustee's reason for objection. However, even this construction does not preclude joint petitioners who are members of different households from each claiming the ORS 23.160(1)(k) exemption. The trustee cites no authority for application of the ORS 23.160(3) limitation to joint petitioners living separately, nor has any evidence or legal authority been offered to indicate whether the debtors living at separate residences could be considered as members of the same household. Review of the cases treating the meaning of the term "household" reveals the common requirement that persons comprising a "household" must dwell under the same roof. *Waller v. Rocky Mountain Fire and Casualty Co.,* 535 P.2d 530, 533, 272 Or. 69 (1975); 41 C.J.S. Household p. 367 and cases cited therein. The *Waller* case involved definition of the term "household" for purposes of insurance coverage and at 535 P.2d page 533 the Oregon Supreme Court quoted language from *Schehen v. Northwest Insurance,* 484 P.2d 836, 838, 258 Or. 559, 562 (1971) where the Court stated:

> " 'Although the term "household" may be somewhat elastic, all of the definitions seem to have a common factor. They require that the members of the "household" dwell or live together. We believe the term was intended to be so used in the present context.' "

The trustee's objection to the claimed exemptions of the debtors herein is denied and under the facts of this case each debtor will be allowed to claim $400 exempt pursuant to ORS 23.160(1)(k).