Argued and submitted December 22, 1987, affirmed June 15, 1988

## PACIFIC HOSPITAL ASSOCIATION,
*Appellant,*

*v.*

## MARCHBANKS,
*Respondent.*

(16-87-00018; CA A43926)

756 P2d 648

R. Scott Taylor, Eugene, argued the cause and filed the brief for appellant.

Kevin L. Mannix, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant was insured by plaintiff through a group health insurance policy. He filed a workers' compensation claim against his employer. The claim was denied and, pursuant to ORS 656.313(3), plaintiff was required to and did pay defendant's medical bills that were part of his workers' compensation claim.

Under the terms of the health insurance contract, plaintiff required that defendant execute a loan receipt agreement which provided that, if any money for medical expenses were received by defendant from his employer or its workers' compensation insurance company, whether by way of compromise, settlement or judgment, he would repay or cause the employer or its insurance company to repay plaintiff to the extent that plaintiff had made payments for covered medical expenses.

Defendant apparently entered into a disputed claim settlement with his employer and its workers' compensation insurer for his compensation claim.[1] Plaintiff brought this action, seeking reimbursement for medical bills paid pending the resolution of the denied claim.

ORS 656.313(3) provides:

"If an insurer or self-insured employer denies the compensability of all or any portion of a claim submitted for medical services, the insurer or self-insured employer shall send notice of the denial to each provider of such medical services and to any provider of health insurance for the injured worker. After receiving notice of the denial, a medical service provider may submit medical reports and bills for the disputed medical services to the provider of health insurance for the injured worker. *The health insurance provider shall pay all such bills in accordance with the limits, terms and conditions of the policy.* If the injured worker has no health insurance, such bills may be submitted to the injured worker. *A provider of disputed medical services shall make no further effort to collect disputed medical service bills from the injured worker until the issue of compensability of the medical services has been finally determined.* When the compensability issue has

---

[1] The settlement agreement is not part of the record and we do not know its terms. Neither do we know whether defendant received any money in the settlement. The complaint does not allege that he did.

been finally determined or *when disposition of the claim has been made pursuant to ORS 656.289(4) [disputed claim settlement], the insurer or self-insured employer shall notify each affected medical service provider and each affected health insurance provider of the results of the determination, including the results of proceedings under ORS 656.289(4) and the amount of any settlement.* If the services are determined to be compensable, the insurer or self-insured employer shall reimburse each health insurance provider for the amount of claims paid by the health insurance provider pursuant to this section. Such reimbursement shall be in addition to compensation or medical benefits the worker receives. Medical service reimbursement shall be paid directly to the health insurance provider. As used in this subsection, 'health insurance' has the meaning for that term provided in ORS 731.162." (Emphasis supplied.)

The trial court dismissed the case, reasoning that the matter could only be resolved through arbitration, pursuant to ORS 656.289(4), which provides:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable. *If disposition of a claim referred to in ORS 656.313(3) is made pursuant to [a disputed claim settlement] and the insurer or self-insured employer and the affected medical service and health insurance providers are unable to agree on the issues of liability or the amount of reimbursement* to the medical service and health insurance providers, *and the amount in dispute is $2,000 or more, those matters shall be settled among the parties by arbitration in proceedings conducted independent of the provisions of this chapter.* If the amount in dispute is less than $2,000, the insurer or self-insured employer shall pay to the medical service and health insurance provider one-half the disputed amount. As used in this subsection 'health insurance' has the meaning for that term provided in ORS 731.162." (Emphasis supplied.)

We agree with the circuit court's disposition. When there is a disputed claim settlement and the amount in dispute is at least $2,000, ORS 656.289(4) requires arbitration. The statutory scheme assumes that, when the worker has health insurance, the ultimate dispute as to who is responsible for medical bills does not involve the worker, but is between the

health insurance and medical service providers and the workers' compensation insurer or the self-insured employer. If the claim is determined to be compensable, the workers' compensation insurer or self-insured employer pays the bills. If the claim is determined not to be compensable, the health insurance provider pays the bills. ORS 656.313(3). If there is a disputed claim settlement, the workers' compensation insurer or self-employer and the medical service and health insurance providers are to resolve, through arbitration, any dispute which they might have concerning responsibility for and payment of medical bills. Plaintiff seeks to avoid the application of ORS 656.289(4) by attempting to collect unreimbursed medical expenses from the worker directly. That would thwart the legislative plan to keep the worker out of the dispute and to protect him from being left responsible for those expenses.

When the provisions of an insurance contract are inconsistent with pertinent statutes, the provisions of the statutes control. *Garrow v. Pennsylvania Gen. Ins. Co.,* 288 Or 215, 603 P2d 1175 (1979); *see Peterson v. State Farm Ins. Co.,* 238 Or 106, 393 P2d 651 (1964). The legislature has provided an integrated system for the resolution of disputes between workers' compensation insurance carriers and medical service and health insurance providers when a workers' compensation claim is settled by disputed claim settlement. It has provided that disputes as to the payment of medical bills *shall* be settled by arbitration among those parties. The loan receipt agreement attempts to involve the worker in the process and to that extent is contrary to the legislative policy. The contract is unenforceable to the extent that it allows plaintiff to seek reimbursement for medical expenses from defendant directly. We conclude that arbitration is the exclusive method available to plaintiff for resolving the question of liability for medical expenses. The trial court's dismissal of this action was therefore proper.

Affirmed.