Argued February 1, reversed March 19, 1929.

# E. O. SAMUELS v. MACK–INTERNATIONAL MOTOR TRUCK CORPORATION.

(275 Pac. 596.)

For appellant there was a brief over the names of *Messrs. Dey, Hampson & Nelson* and *Mr. Paul P. Farrens* with an oral argument by *Mr. Herbert L. Swett.*

For respondent there was a brief over the name of *Mr. A. D. Leedy* with an oral argument by *Mr. G. E. Hamaker.*

BELT, J.—This is an action for money had and received. Defendant appeals from judgment in favor of the plaintiff. On September 15, 1925, the defend-

ant sold to the plaintiff, under the terms of a conditional sales contract, two Mack trucks at the price of $13,518. One thousand dollars in cash was paid upon the execution of the contract and two used trucks were accepted by the defendant in part payment at an agreed value of $1,800. The balance of the purchase price was to be paid in 18 monthly installments. Pursuant to the contract, plaintiff made eleven payments aggregating $2,807.53. Three of these payments were made at the time specified in the contract. Eight of the monthly installment payments were made not strictly in accordance with the due date but none more than five days thereafter, the last payment being made on August 18, 1926, or three days after the due date.

On September 15, 1925, a third Mack truck was sold to the plaintiff under a conditional sales contract at a price of $6,751.21. Plaintiff paid $250 in cash and exchanged a used truck for which he received a credit of $1,000. The balance of the purchase price was to be paid in 18 monthly installments. Plaintiff made nine payments aggregating $839.19, three on the due date and the other six within a day or two thereafter, the last payment being made on August 18, 1926. This contract was similar in form to the one above mentioned.

Time was made the essence of these contracts. Title was reserved in the seller who was authorized upon default to repossess the trucks and declare a forfeiture of payments as liquidated damages. Default was made by the buyer on installments due September 15 and October 15, 1926. On November 15, 1926, the seller repossessed the trucks.

Plaintiff alleges that he had an agreement with defendant whereby these two contracts were to be cancelled and a new contract similar in form be made in lieu thereof, payment for the three trucks to be made as follows: Five hundred dollars cash and the balance of the purchase price at the rate of $75 per month. It is averred "that the defendant promised and agreed to prepare such a contract to be executed by the plaintiff and defendant; that the plaintiff was able and willing to enter into said new contract and was able to perform all of the terms thereof and was waiting only for the defendant to prepare said contract and during and while said agreement was pending between the plaintiff and defendant, the defendant secretly and without any notice of any kind or character to the plaintiff of its intention to repossess said automobile trucks * * and without any notice of its intention to declare a forfeiture of the moneys paid on account of said trucks, unlawfully, wrongfully and against the will and desire of the plaintiff on or about November 15, 1926, seized and repossessed said automobile trucks * * ."

Plaintiff also elected to treat the contract as rescinded and commenced this action for money had and received. It is the theory of plaintiff that the defendant waived the strict performance of the contracts as to time of payments and lulled him into a false sense of security by reason of the oral agreement to refinance the purchase of the trucks and that it could not declare a forfeiture and repossess the trucks without first having given a reasonable notice of its intention so to do. A verdict and judgment was had for plaintiff in the sum of $2,696.72. Defendant appeals asserting among other things error

in denial of its motions for nonsuit and directed verdict.

1–3. It is settled in this jurisdiction that if the conditional vendor wrongfully rescinds the contract of purchase, the buyer may elect to assent to such rescission and recover payments made in action for money had and received: *Massey* v. *Becker*, 90 Or. 461 (176 Pac. 425) and cases therein cited. A wrongful rescission was had if the defendant, after having waived strict performance of the contract as to payments, declared a forfeiture and repossessed the trucks without giving the plaintiff definite and reasonable notice that unless amount due on contract was paid it would so act. A waiver is the relinquishment of a known right and may be established expressly or by implication. The right to declare a forfeiture for failure to comply strictly with the contract in making these monthly installment payments is for the benefit of the seller and unquestionably may be waived by him, The rule is thus clearly stated in 1 Mechem on Sales, Section 609:

"The law has no interests of its own to subserve in insisting upon forfeitures or other results of default. The remedies it gives are for the benefit of the vendor, and he may waive them if he will. He may do this, moreover, either expressly or by implication, and as the results of default more often work hardship to the buyer than to the seller, the law looks with complacence at least upon those acts of the vendor which may fairly be construed as indicative of his intention not to insist upon a forfeiture of the buyer's rights. If, therefore, the seller, notwithstanding the default, does not avail himself of his appropriate remedy, but so acts as to reasonably warrant the inference that he regards the buyer's rights as still subsisting, he will be deemed to have

waived the default, and he will not be at liberty to declare a forfeiture until he has in some way put the buyer, whom he has thus misled, in the attitude of a fresh default.''

Ordinarily a question of waiver is one of fact for the jury to determine: *Endicott* v. *Digerness,* 103 Or. 555 (205 Pac. 975); Mechem on Sales, § 612.

With these general observations, let us turn to the record to see whether there is any evidence tending to show a waiver by defendant of its right to declare a forfeiture. Secondly, if there be such evidence, whether the defendant, before repossessing the trucks, made demand upon plaintiff for payment and gave him reasonable notice that, if he failed to comply with the contracts, his rights therein would be terminated. It will be recalled that plaintiff had defaulted in his September and October payments on both contracts. No payment was accepted by defendant thereafter. On October 22, 1926, the defendant, by letter, advised plaintiff that the amount due on the contracts was $1,800 and that it would be ''impossible to carry these delinquencies past the 25th of this month.'' He was also requested to send check for at least $900 and interest and ''advise at the same time when your remittance for the other $900 and interest will reach us.'' Mention was also made of some previous correspondence relative to a plan for refinancing the purchase of the trucks. In response to this letter, plaintiff, on October 29, 1926, telegraphed from Lewiston, Idaho, as follows:

''Trucks have been off all week account of rain * * Think best to let financing rest until fifteenth and see what work I can do by then * * Advise if satisfactory.''

Defendant, by letter November 1, 1926, thus answered the above telegram:

"With reference to your wire of the 29th, I have taken the matter of your financing up with the Division auditor who visited here Saturday. It is entirely out of line with our policy to postpone this proposition until the 15th of November, but in view of the hard luck which you have experienced within the last ninety days, it will be possible for us to let the matter rest until the 15th.

At that time, however, we must be in possession of your check for at least $500 with which to refinance your contract, or have payment in full of the September and October notes on both contracts, or ask you to return the trucks to us. I hope you will be able to find the proper solution to your problem, and that the word we received from you on the 15th will be favorable to your continued operation of the Macks."

A few days thereafter telegrams were exchanged between the parties relative to certain hoists which the plaintiff desired to use with his trucks in contract work. On November 3, 1926, defendant advised plaintiff by telegram to come to Portland and bring trucks requiring hoists. Plaintiff reached Portland November 5, 1926, but did not bring trucks. He testified in substance that when in Portland he had an oral agreement with defendant that it would furnish hoists for his trucks upon the payment of $500 and that a new contract would be executed similar in form to the old ones, whereby the balance of the purchase price would be paid in monthly installments of $75. Defendant admits that it offered to give plaintiff the opportunity to refinance the purchase of these trucks by payment of $500 and monthly installments as above stated, but denies that it agreed to furnish

any hoists as it was not a dealer in such equipment. The conditional contracts did not provide for the installation of hoists. After this alleged agreement, plaintiff returned to Lewiston, Idaho, and the defendant, on November 9, 1926, wired him as follows:

"Please start trucks Portland immediately if unable go through deal offered. Wire your decision."

On the same date plaintiff telegraphed in answer thereto:

"Not able raise money yet. Lost this job here."

The record does not disclose any other communications between the parties between the date of this last telegram from plaintiff and the time when defendant repossessed the trucks on November 15, 1926.

4. In the light of the above record, we think there was evidence tending to show a waiver of strict performance of the contracts as to payments. Waiver cannot be predicated on the acceptance of some of these monthly installments a few days after the due date, but unquestionably the indulgence shown by defendant, in giving plaintiff an opportunity to refinance the purchase of the trucks, would warrant the jury in inferring that it was not the intention of the defendant to declare a forfeiture if plaintiff would comply with his contract. When plaintiff was delinquent $1,800 defendant was willing to accept one half of that amount and still treat the contract as not rescinded. This conduct is inconsistent with the idea of forfeiture. Furthermore, the negotiations had between the parties relative to a new contract is evidence that, at one time, defendant was not seeking to cause a forfeiture of plaintiff's interest in the trucks. It does not follow, however, that, because defendant at one time waived his right to declare a forfeiture, it

could not reinstate such right: *Lundberg* v. *Switzer*, 146 Wash. 416 (263 Pac. 178). The letter of defendant on November 1, 1926, definitely advised plaintiff that he must, by the fifteenth of that month, either pay $500 "to refinance the contract," or pay in full the amount due on both contracts for September and October installments, which amounted to $1,800, or return the trucks. After the alleged agreement on November 5th, plaintiff was also advised that he must return the trucks if unable to go through with the deal offered. After the letter of November 1, 1926, it is unreasonable to contend that defendant's indulgence lulled plaintiff into a false sense of security. He knew full well that if he did not accept the offer made by defendant that he must surrender possession of the trucks. There is no element of estoppel involved. It appears without contradiction that plaintiff never accepted the offer of the defendant. Furthermore, the plaintiff admits that, at the time the trucks were repossessed, he did not have $500 to pay to the defendant although there was $2,700 due. The proof falls far short of the allegations of the complaint that plaintiff was able and willing to perform. Waiver was pleaded but not proven.

5. We conclude that defendant, having waived its right to declare a forfeiture, reinstated that right by giving definite and reasonable notice of its intention so to do, prior to the repossession of the trucks.

It follows that the judgment of the lower court is reversed and the case is dismissed.

REVERSED AND DISMISSED.

BEAN, BROWN and RAND, JJ., concur.