Argued and submitted September 17, affirmed December 4, 1986, reconsideration denied January 16, petition for review denied February 24, 1987 (302 Or 657)

# FARMERS INSURANCE COMPANY OF OREGON,
### *Respondent,*

*v.*

# STOUT,
### *Appellant.*

## (16-84-06358; CA A37691)

728 P2d 937

Jane N. Bolin, Eugene, argued the cause for appellant. With her on the briefs were Arthur C. Johnson, Claudia F. Ingram and Johnson, Quinn, Clifton & Williams, Eugene.

Thomas M. Christ, Eugene, argued the cause for respondent. With him on the brief were Dennis W. Percell and Luvaas, Cobb, Richards & Fraser, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff insurance company sought a declaratory judgment that it has no duty to defend the estate of its insured, decedent Larson, or to pay damages to defendant Stout (defendant). Defendant seeks review of the judgment granting the declaratory relief. We affirm.

The facts are not in dispute. Decedent lived with defendant in her mobile home from January to May, 1983.[1] He paid half of defendant's mortgage payments during that time and half of all other living expenses. They kept their finances separate, and each insured his or her own car, both with the same insurer, plaintiff. He rarely drove her car. However, in May, 1983, he was driving her car when they were involved in an automobile accident in Colorado. He was killed, and she suffered serious injuries. She made claims under both his insurance policy and her own. Plaintiff denied coverage under both policies, and defendant filed an action against decedent seeking damages. Plaintiff then brought this action. The trial court held that plaintiff has no duty to defend decedent's estate against claims arising out of the Colorado accident, because he was not driving an automobile covered by his policy of insurance when the accident happened.[2]

The relevant provisions in decedent's automobile insurance policy provide that plaintiff will

"pay all damages the [decedent] becomes legally obligated to pay because of [personal injury or property damage] arising out of the * * * use of the described automobile [owned by decedent] or *a non-owned automobile.*

"* * * * *

"Non-Owned Automobile means an automobile *not owned by or regularly or frequently used by* the [decedent] or *any resident of the same household* * * *." (Emphasis supplied.)

Defendant makes two arguments on appeal: first, that decedent and defendant were not residents of "the same household" and that, therefore, the non-owned automobile

---

[1] Decedent was married to another person, but had lived apart from her and their daughter for about three years.

[2] The trial court also held that defendant's own automobile insurance policy excluded her, the "named insured," from coverage for bodily injuries resulting from the acts of any other insured. She does not challenge that holding on appeal.

clause in the policy should not operate to deny coverage for injuries defendant sustained when decedent drove her car; and, second, that if decedent and defendant were members of the same household, to give effect to the provision denying coverage would be contrary to the public policy established in the Financial Responsibility Law (*former* ORS ch 486; now ORS ch 806) and therefore void, relying on *Dowdy v. Allstate Insurance Co.,* 68 Or App 709, 685 P2d 444, *rev den* 298 Or 172 (1984).

■ The trial court made findings of fact, including, *inter alia,* that decedent and defendant were residents of the same household. Those findings are binding on us unless no evidence supports them. *Illingworth v. Bushong,* 297 Or 675, 694, 688 P2d 379 (1983). The term "resident of the same household" in a clause defining a non-owned automobile has not been construed by Oregon courts, but similar terms have been construed in other insurance clauses. *See Garrow v. Pennsylvania Gen. Ins. Co.,* 288 Or 215, 220-221, 603 P2d 1175 (1979); *Waller v. Rocky Mtn. Fire & Casualty,* 272 Or 69, 75, 535 P2d 530 (1975); *Schehen v. North-West Insurance,* 258 Or 559, 562-563, 484 P2d 836 (1971); *Federated Amer. Ins. v. Childers,* 45 Or App 379, 382-385, 608 P2d 584, *rev den* 289 Or 275 (1980). From those cases it appears that the relevant factors to be considered in determining whether two people are members of the same household include whether they live under one roof, the length of time they have lived there, whether the residence is intended to be permanent or temporary and whether they are financially dependent upon one another. No one factor appears to be dispositive.

■ Defendant testified at trial that she and decedent "loved each other and * * * were physically intimate with each other," that from January to May, 1983, decedent spent every night at the mobile home except for one weekend when he went camping, that she and decedent shared the same bed and that their relationship was similar to that of a husband and wife. On cross-examination, defendant admitted having told an insurance investigator that she and decedent had planned to be married when decedent had divorced his estranged wife and that the purpose of the trip had been to allow him to become acquainted with her family.[3] Uncontroverted other

---

[3] Defendant testified that the statement to the investigator was "not absolutely accurate." She stated that she had wanted to marry decedent but that no definite decision had been made.

evidence was that decedent paid half of the mortgage payments on the mobile home, that he did not pay rent for any other residence while he lived with defendant and that he had notified the Motor Vehicles Division that his address had changed to that of defendant's mobile home. The evidence supports the trial court's finding that decedent and defendant were residents of the same household. It is undisputed that they lived under the same roof; the time they lived together, three and one-half months, is a significant period (in fact the same as that in *Garrow v. Pennsylvania Gen. Ins. Co., supra*); there was evidence that they contemplated a permanent relationship; and finally, the evidence suggests that they were at least partially dependent on each other financially. The trial court did not err in concluding that they were "residents of the same household" as that term is used in decedent's policy of insurance. Because defendant and decedent were residents of the same household, and because it is undisputed that decedent was driving defendant's car at the time of the accident, we hold that the injuries suffered by defendant were not covered under decedent's insurance policy; decedent was driving an automobile not covered by his insurance policy.

Defendant also contends that the non-owned automobile clause is void as against the public policy established in the Financial Responsibility Law, because that clause excludes from coverage a household member. She correctly asserts that the policy behind that law is to "protect the innocent victims of vehicular accidents." *State Farm Ins. v. Farmers Ins. Exch.*, 238 Or 285, 293, 387 P2d 825, 393 P2d 768 (1964). She then contends that any clause in an insurance policy which has the effect of denying coverage to an innocent victim of an automobile accident is void as against that policy, relying, as noted above, on *Dowdy v. Allstate Insurance Co., supra*. Defendant's reliance on *Dowdy* is misplaced. *Dowdy* voided a "family exclusion" clause that excluded from coverage family members residing in the same household when the insured was driving a *covered* automobile. 68 Or App at 716-717. In this case, the question is whether, under the terms of his insurance policy, decedent was driving a *covered* automobile. Because he was not, *all persons*, including household members, who suffered injuries in the accident were not covered under his policy. Therefore, although the non-owned automobile clause has the effect of denying coverage to a

household member in this case, it does not fall within the *Dowdy* analysis. In essence, defendant asks us to declare that *every* automobile insurance policy *must* cover the named insured for *every* car he might conceivably drive, and she argues that, if such coverage is not provided, the insurance policy violates the policy of protecting innocent victims.

■     Two sections of the Financial Responsibility Law demonstrate the legislature's intent that an insurance company may insure *fewer* than all vehicles driven by an insured. *Former* ORS 486.011(11) provides:

> " 'Motor vehicle liability insurance policy' means a policy or part of a policy either *designating by explicit description or by appropriate reference all motor vehicles for which coverage is provided* * * *." (Emphasis supplied.)

*Former* ORS 486.506 provides, in pertinent part:

> "(1)    Every certificate of insurance [issued as evidence of financial responsibility] shall:
>
> "* * * * *
>
> "(c)    *Describe all vehicles covered by the policy, unless such policy is issued with respect to all vehicles operated by the assured.*" (Emphasis supplied.)

Those provisions are directly contrary to defendant's contention. An automobile insurance policy may exclude from coverage certain automobiles driven by an insured. Decedent was driving an automobile expressly excluded from coverage at the time of the accident. Plaintiff therefore is under no duty to defend decedent's estate against defendant's claims arising out of decedent's operation of that automobile.

Affirmed.