Argued and submitted December 5, 1988, affirmed August 30, 1989

## LANG et al,
*Appellants,*

*v.*

## FOREMOST INSURANCE COMPANY,
*Respondent.*

(8705 03399; CA A48525)

778 P2d 510

Dennis M. Odman, Portland, argued the cause for appellants. On the brief was David W. James, Jr., Portland.

Ronald B. Terzenbach, Eugene, argued the cause for respondent. With him on the brief was Jacqua, Wheatley, Gallagher & Holland, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiffs appeal a declaratory judgment entered in favor of defendant insurance company. Plaintiffs' property was seriously damaged by a fire that was started on their neighbors', the Tischhausers', property by one of the Tischhausers' grandchildren, Douglas Cleveland. The trial court held that the Tischhausers' homeowners' insurance policy, issued by defendant, did not provide liability insurance coverage for the Cleveland family. We affirm.

In 1983, defendant issued a homeowners' policy to Fred Tischhauser. It read, in relevant part:

"PERSONAL LIABILITY COVERAGE

"If a claim is made or a suit brought against YOU for damages because of Bodily Injury or Property Damage, as we have described, We will:

"Pay up to OUR Limit of Liability shown on Page One for the damages for which YOU are legally liable;

"* * * * *

"DEFINITIONS

"YOU, YOUR, YOURS means the person named on Page One and that person's husband and wife or other member of YOUR family who live in the same mobile home, as the named insured. YOU, YOUR, YOURS can mean each or all of YOU."

On July 22, 1985, the Tischhausers' daughter, Delores Cleveland, her husband, James Cleveland, and their children arrived at the Tischhausers' mobile home. They had left their home in Texas due to James' unemployment and had all of their belongings in a U-Haul trailer. They had arranged to stay with the Tischhausers until James found work. During their 17-year marriage, they had stayed temporarily a number of times with the Tischhausers when they were having financial difficulties. On one occasion, the families shared an apartment for about a year. The last time that they shared a dwelling was in 1980, for approximately six weeks.

When the Clevelands arrived at the mobile home, they unloaded their boxed possessions into the garage. James and the Tischhausers left the mobile home to return the trailer. Two hours later, one of the Cleveland children, Douglas, started a fire that destroyed the mobile home and its contents, as well as plaintiffs' property. The Clevelands lived

with the Tischhausers for the next three weeks until James found work. While they stayed there, the Clevelands did not unpack their belongings, which were left in the garage, except for some clothing. The Tischhausers paid their living expenses.

■ The issue is whether the trial court erred in holding that the Clevelands did not come within the Tischhausers' homeowners' policy coverage for family members living in the same mobile home as the insureds. The exact terms in the policy have not been construed by Oregon courts, but similar terms have been construed. The relevant factors to be considered in determining whether persons are members of the same household include whether they live under one roof, the length of time they have lived there, whether the residence is intended to be permanent or temporary and whether they are financially dependent on one another. *Farmers Insurance Company v. Stout,* 82 Or App 589, 592, 728 P2d 937 (1986), *rev den* 302 Or 657 (1987).

■ The trial court found that the Clevelands were temporary guests of the Tischhausers, staying there while James sought employment. It found that they never intended to make the Tischhausers' home their home and that they maintained a separate household, interrupted by the stay with the Tischhausers because of temporary financial circumstances. The trial court's findings of fact are binding on us, unless no evidence supports them. *Farmers Insurance Company v. Stout, supra,* 82 Or App at 592.

We hold that the evidence supports the trial court's findings that the Clevelands were temporary guests and not members of the Tischhausers' household. The evidence permits the conclusion that, although the Clevelands' stay was to be of an indefinite length, it was not to be permanent and that the Clevelands were only financially dependent until James found employment. The evidence also supports a finding that the Clevelands and the Tischhausers were separate family units. We hold that, under those facts, the Clevelands were not members of the insureds' "family who live in the same mobile home" and, therefore, were not covered under the Tischhausers' homeowners' insurance policy.

Affirmed.