Argued and submitted May 11, reversed and remanded June 24, reconsideration allowed by opinion November 4, 1992

See 116 Or App 206 (1992)

Kenneth MOORE,
*Appellant,*

*v.*

MUTUAL OF ENUMCLAW
INSURANCE COMPANY,
*Respondent.*

(9102-00723; CA A71176)

833 P2d 1310

Robert E. L. Bonaparte, Portland, argued the cause for appellant. With him on the briefs were Michael J. Gentry and Tooze, Shenker, Holloway & Duden, Portland.

Thomas M. Christ, Portland, argued the cause for respondent. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a summary judgment in favor of defendant insurer. ORCP 47. He argues that there is an issue of material fact as to whether defendant waived its right to rely on the policy limitation period for filing an action. We reverse.

Plaintiff owns a house that is insured under a fire insurance policy issued by defendant. In July, 1989, he rented the home to Pixler for approximately four months. On October 15, 1990, plaintiff was informed by police that a woman had confessed to having "cooked" methamphetamine at plaintiff's house while Pixler lived there. Plaintiff reported a claim for chemical damage to the house to defendant on October 22, 1990, and said that the damage had probably occurred while Pixler lived there. Before defendant inspected the house, it sent a letter to plaintiff, dated October 30, 1990, and a "Reservation of Rights and Non-Waiver Agreement" to be signed by plaintiff. The letter said, in part: "D/Loss: 10-15-90." The nonwaiver agreement, signed by plaintiff on November 5, 1990, provides, in part:

> "It is hereby understood and agreed by and between the assured and the Company that any action taken heretofore or hereafter by the Company relative to that certain loss of October 15, 1990, shall not be construed nor any attempt be made to construe any action as indicating any waiver of the Company's rights to stand upon the provisions of its policy * * *."

Defendant's investigation included a transcription of a recorded statement by plaintiff, typed on December 3, 1990, which referred to the date of loss as October 15, 1990. In mid-December, 1990, defendant's adjuster called plaintiff and told him that he would be sending a check. Defendant then tendered a check to plaintiff, dated December 17, 1990, "in settlement" of the loss, that referred to the date of loss as October 15, 1990. Plaintiff did not accept the payment, because he believed that his damages exceeded the tender. He filed a complaint in February, 1991, seeking what he claimed to be the amount of the loss. After the complaint was filed, defendant sent two documents to plaintiff that referred to the date of loss as October 15, 1990. Defendant first raised the limitation issue when it pled, as an affirmative defense, that

plaintiff's action was not commenced within the 12 month time limit for filing an action imposed by the policy[1] and ORS 742.240 and moved for summary judgment. For purposes of the summary judgment motion, the parties stipulated that the methamphetamine "cooking" took place in plaintiff's rental home more than one year before plaintiff's complaint was filed.

■       In a summary judgment proceeding, the moving party has the burden of showing that there are no genuine issues of fact and that it is entitled to judgment as a matter of law. We review the record in the light most favorable to the nonmoving party. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

        In *Great American Ins. v. General Ins.*, 257 Or 62, 72, 475 P2d 415 (1970), the court, *quoting Nathan Miller, Inc. v. Northern Ins. Co.*, 42 Del 523, 3 Terry 523, 39 A2d 23, 25 (1944), described the characteristics of a waiver:

> " 'A waiver is the intentional relinquishment of a known right, either in terms or by such conduct as clearly indicates an intention to renounce a known privilege or power. It involves both knowledge and intent, and is based on the idea of consent, express or implied. In strictness, waiver is referable to the act or conduct of one party only. It depends on what one party intended to do, rather than upon what he induced his adversary to do, as in estoppel. * * * [W]aiver is not only consistent with, but is generally created upon knowledge of all the facts by both parties. There may, therefore, be a waiver of an existing right apart from any element of estoppel. Waiver implied from circumstances is a question of fact dependent upon the particular facts of the case, and it is usually for the jury to say whether the conduct of the party evidences a conscious and voluntary abandonment of some right or privilege.' "

■       Plaintiff argues that defendant waived its defense that the action was not commenced within the time limit when it tendered payment for the loss of "October 15, 1990."

---

[1] The policy provides, in part:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

*See* ORS 742.240.

Relying on the "nonwaiver clause" in the policy,[2] defendant argues that it was not possible to waive the limit and, even if was possible to waive it, it contends that it expressly reserved its rights rather than waiving them. Reliance on the non-waiver clause is misplaced. A nonwaiver provision can be waived by a party's conduct. *Fisher v. Tiffin*, 275 Or 437, 441, 551 P2d 1061 (1976);[3] *Schmurr v. State Insurance Co.*, 30 Or 29, 36, 46 P 363 (1896).

■■  A waiver may be found in a concession by the insurer that a certain amount is due. *See Watson v. Pacific Co.*, 144 Or 413, 21 P2d 201, 144 Or 413, 25 P2d 162 (1933); *Adams v. Northwest Farm Bureau Ins.*, 40 Or App 159, 167, 594 P2d 1256, *rev den* 287 Or 123 (1979). An inference can be drawn from the record that defendant treated the date of loss as October 15, 1990, and tendered a payment to plaintiff for the loss, knowing that the damage had occurred in 1989. Only after plaintiff sought more damages did defendant raise the time bar as a defense. Defendant argues that its tender of payment more than 12 months after October or November, 1989, is irrelevant to the issue of waiver of the time limitation, because it occurred after the time period had expired. Proof of what defendant did after the claim period had expired is some evidence of a continuing course of conduct waiving the time period. *See Widing et al v. Jensen, Real Estate Com.*, 231 Or 541, 547, 373 P2d 661 (1962); *Samuels v.*

---

[2] The policy provides, in part:

"No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto. No provision, stipulation or forfeiture shall be held to be waived by any requirement or proceeding on the part of this Company relating to appraisal or to any examination provided for herein."

*See* ORS 742.222.

[3] In *Fisher*, the court said:

" 'Parties to a contract can not, even by an express provision in that contract, deprive themselves of the power to alter or vary or discharge it by subsequent agreement. An express provision in a written contract that no rescission or variation shall be valid unless it too is in writing is ineffective to invalidate a subsequent oral agreement to the contrary. In like manner, a provision that an express condition of a promise or promises in the contract can not be eliminated by waiver, or by conduct constituting an estoppel, is wholly ineffective. The promisor still has the power to waive the condition, or by his conduct to estop himself from insisting upon it, to the same extent that he would have had this power if there had been no such provision.' " 275 Or at 441 (quoting 3A *Corbin on Contracts* 531, § 763 (rev ed 1960). (Footnotes omitted.)

*Mack-International Etc. Corp.*, 128 Or 600, 607, 275 P 596 (1929). Defendant's conduct creates an issue of fact as to whether it waived the limitation period.

■       Defendant also relies on ORS 742.056,[4] arguing that "nothing [it] did while investigating plaintiff's claim waived its right to rely on the 12-month limitation period." ORS 742.056(3) says that investigating a loss and engaging in settlement negotiations shall not be deemed to constitute a waiver. Again, it is a question of fact as to whether defendant engaged in settlement negotiations aimed at a compromise or whether it tendered payment for what it considered to be the full amount of the loss. We conclude that there are genuine issues of material fact as to whether defendant intentionally relinquished its right to rely on the nonwaiver agreement and the 12-month limitation period.

Reversed and remanded.

---

[4] ORS 742.056 provides:

"Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of or estoppel to assert any provision of a policy or of any defense of the insurer thereunder:

"(1) Acknowledgement of the receipt of notice of loss or claim under the policy.

"(2) Furnishing forms for reporting a loss or claim, for giving information relative thereto, or for making proof of loss, or receiving or acknowledging receipt of any such forms or proofs completed or uncompleted.

"(3) Investigating any loss or claim under the policy or engaging in negotiations looking toward a possible settlement of any such loss or claim."