On respondent's petition for reconsideration filed August 26, reconsideration allowed; opinion (113 Or App 574, 833 P2d 1310) modified and adhered to as modified November 4, reconsideration denied December 30, 1992, petition for review allowed March 23, 1993 (315 Or 643)
See later issue Oregon Reports

## Kenneth MOORE,
*Appellant,*

*v.*

## MUTUAL OF ENUMCLAW INSURANCE COMPANY,
*Respondent.*

## (9102-00723; CA A71176)

840 P2d 1320

Thomas M. Christ and Mitchell, Lang & Smith, Portland, for petition.

Robert E. L. Bonaparte, Michael J. Gentry, and Tooze, Shenker, Holloway & Duden, Portland, *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

.

## EDMONDS, J.

Defendant petitions for review of our opinion reversing the trial court's grant of summary judgment in its favor and remanding the case for trial. 113 Or App 574, 833 P2d 1310 (1992). We allow the petition, modify our opinion but adhere to it.

Plaintiff sued to collect proceeds payable under an insurance policy issued by defendant. The trial court ruled that plaintiff's action was not commenced within the 12-month period provided in the policy. We reversed, concluding that questions of fact remained regarding whether defendant had waived the limitation period by its conduct. 113 Or App at 579.

In its petition, defendant argues that our holding is inconsistent with case law. Specifically, defendant cites for the first time *Boardman v. Insurance Co. of Pa.*, 84 Or 60, 164 P 558 (1917), and *Coos Head Timber Co. v. Unigard Indemnity Co.*, 73 Or App 598, 699 P2d 1143, *rev den* 299 Or 663 (1985), and contends that "statutory conditions" in fire insurance policies can only be waived in writing.

■ In *Boardman*, it was alleged that the insurer had received premiums after learning that the insured had transferred ownership of the covered property and had thereby waived the ownership condition in the policy. The court held that, because a statute required a waiver to be in writing, there was no waiver. In *Coos Head Timber Co.*,[1] the plaintiff argued that the insurer was estopped from arguing that the plaintiff had breached a predicate to coverage that it maintain its sprinkler system in good condition, because the insurer did not inquire about the conditions of the sprinkler system when it issued the policy. We said that, under *former* ORS 743.633,[2] any waiver of that condition had to be in writing. Those cases stand for the proposition that coverage provisions can only be

---

[1] In *Kabban v. Mackin*, 104 Or App 422, 431, 801 P2d 883 (1990), we overruled *Coos Head Timber Co.* to the extent that it held that estoppel is inconsistent with ORS 742.222. We reasoned that our holding failed to recognize the distinction between estoppel and waiver and concluded that estoppel should not be included under the term "waiver" in ORS 742.222.

[2] *Coos Head Timber Co.* was decided when the nonwaiver statute was numbered ORS 743.633. In 1989, it was renumbered ORS 742.222, but the language remains as set out in the text below.

waived in writing. Underlying that proposition is the rationale that the extent of coverage in an insurance policy is a matter that requires the formality of a writing and that waiver or estoppel cannot be used to expand the coverage or scope of an insurance contract. *ABCD...Vision v. Fireman's Fund Ins. Companies*, 304 Or 301, 307, 744 P2d 998 (1987); *Schaffer v. Mill Owners Ins. Co.*, 242 Or 150, 156, 407 P2d 614 (1965).

■　　　Defendant relies on ORS 742.222, which requires that all fire insurance policies contain this clause:

> "No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto."

In this case, the extent of coverage is not in issue. What is in issue is whether plaintiff complied with the time requirement in the policy for filing a claim in court for a covered loss. There is no policy concern about expanding coverage without memorializing it in writing. The condition is like any other time limitations that are subject to waiver. For example, in *Adams v. Northwest Farm Bureau Ins. Co.*, 40 Or App 159, 594 P2d 1256, *rev den* 287 Or 123 (1979), we held that the defendant had waived a requirement that the insured submit a proof of loss within 60 days after the loss by conceding liability and tendering a portion of the amount due under the policy. We hold that ORS 742.222 does not preclude a non-written waiver by defendant of the time limitations clause in its policy, because the purported waiver does not extend the coverage of the policy.[3] We adhere to our conclusion that there are genuine issues of material fact as to whether defendant waived the limitation period.

　　　Reconsideration allowed; opinion modified and adhered to as modified.

---

[3] Cases neither addressed nor overruled by any case since the enactment of ORS 742.222 agree that provisions that do not pertain to coverage may be waived by conduct, despite requirements for written waivers: *Sykes v. Sperow*, 91 Or 568, 179 P 488 (1919); *Farley v. Western Assur. Co.*, 62 Or 41, 124 P 199 (1912); *Schmurr v. State Insur. Co.*, 30 Or 29, 46 P 363 (1896); *see also Jerrel v. Hartford Fire Ins. Co.*, 103 NW 2d 83 (Iowa 1960); *Annot.*, 75 L Ed 528, 532-42 (1930).