Argued and submitted January 25, reversed and remanded April 21, 1993

## Douglas P. LAMORIE,
*Appellant,*

*v.*

## WARNER PACIFIC COLLEGE,
an Oregon non-profit corporation,
and Dan Dunn,
*Respondents.*

(9105-02943; CA A73996)

850 P2d 401

Donald Foss, Jr., Oregon City, argued the cause for appellant. With him on the brief was John Bassett, Milwaukie.

Philip R. Bennett, Portland, argued the cause and filed the brief for respondents.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Plaintiff appeals from a judgment granting defendants' motion for summary judgment. ORCP 47. We reverse.

Plaintiff had an athletic scholarship to attend defendant college, where defendant Dunn is the head basketball coach. On April 19, 1989, plaintiff injured his nose while playing football at his church. Following surgery, he was required to wear a nose cast. As a result of his injury, one of his eyes was swollen almost shut and his face was noticeably bruised.

Plaintiff's doctor instructed him not to attend classes or to participate in athletic exercises. Plaintiff told Dunn of these limitations, and gave the school basketball trainer a copy of the doctor's note. In early May, 1989, plaintiff's doctor permitted him to attend classes but again instructed him not to participate in athletic exercises. Plaintiff told Dunn what his doctor had said.

As part of his scholarship, plaintiff was required to work as a gym monitor. Although his duties did not involve physical exercise, he did not return to work until the first week of May. During that week, plaintiff had almost daily contact with Dunn. Dunn repeatedly asked plaintiff how long he was going to be incapacitated as a result of his injuries and when he could return to practice. Plaintiff told him that it would be "a while longer." The next week, on May 11, plaintiff was monitoring the gym when Dunn approached and asked him to participate in a basketball scrimmage. Plaintiff's nose was still swollen and his face was still black and blue. In his affidavit, he stated that his vision was still impaired.

Plaintiff was afraid that if he refused to participate in the scrimmage, his basketball scholarship would be in jeapordy. Although he did not feel well enough, he agreed to play. During the scrimmage, he was struck in the eye and nose by the finger and hand of another basketball player. Plaintiff's eye was injured and his nose was reinjured. He filed this negligence action, alleging that Dunn had acted in reckless disregard of plaintiff's condition and doctor's orders in asking him to play basketball when he knew or should have known

that plaintiff would feel improperly pressured to play because of fears of losing his basketball scholarship.

Defendants' motion for summary judgment was granted as to the eye injuries but not as to the reinjury of plaintiff's nose. The court entered a stipulated judgment under ORCP 67B.

Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to the judgment as a matter of law. *Moore v. Mutual of Enumclaw Ins. Co.*, 113 Or App 574, 577, 833 P2d 1310 (1992), *on recon* 116 Or App 206, 840 P2d 1320 (1992), *rev allowed* 315 Or 643 (1993). We review the record in the light most favorable to plaintiff, the party opposing the motion for summary judgment, *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978), and draw all reasonable inferences in his favor. *Uihlein v. Albertson's, Inc.*, 282 Or 631, 634, 580 P2d 1014 (1978). Defendants contend that there was no issue of fact concerning the foreseeability of the eye injury because it was not in the "general class of harms" that could reasonably have been anticipated from their conduct. They argue that the only foreseeable injury was further injury to the nose. Plaintiff contends that there is evidence from which the jury could find that injury to the eye was foreseeable.

■   Whether a risk is foreseeable depends on the facts in the case. The actual sequence of events causing an injury does not have to be predictable in order for the injury to be foreseeable. *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 21, 734 P2d 1326 (1987). The injury need only fall into the *general category of risk* reasonably to be anticipated. *Connolly v. Bressler*, 283 Or 265, 268, 583 P2d 540 (1978). If an injury falls into that general category, the injury is foreseeable.

■   In *Donaca v. Curry Co.*, 303 Or 30, 38, 734 P2d 1339 (1987), the Supreme Court noted:

"The existence and magnitude of the risk * * * bear on the foreseeability of harm. The feasibility and cost of avoiding the risk bear on the reasonableness of defendant's conduct. *Both clearly are empirical questions. We do not mean that they must in every case be submitted to a jury; in an extreme*

*case a court can decide that no reasonable factfinder could find the risk foreseeable * * *.*" (Emphasis supplied.)

We cannot say that this is an "extreme case" in which no reasonable factfinder could find that plaintiff's eye injury was foreseeable. Plaintiff's face was swollen and his eyes were black and blue at the time Dunn asked him to participate in the scrimmage. Dunn was aware of the substantial injuries and facial trauma that plaintiff had recently suffered. A reasonable jury could infer that Dunn knew or should have known that plaintiff's vision was potentially impaired by his injuries and that he would be at increased risk for *any* injury if he played basketball. A reasonable jury could find that an injury to the eye was foreseeable in the "general category of risk" that could be anticipated by Dunn when he asked plaintiff to play. There was, therefore, a genuine issue of material fact as to the foreseeability of plaintiff's injuries, and the trial court erred in granting summary judgment.

Reversed and remanded.