Argued and submitted March 29, reversed and remanded September 8, 1993

## Kelly JORDAN,
*Appellant,*

*v.*

## FARMERS INSURANCE COMPANY OF OREGON,
an Oregon corporation,
*Respondent.*

(90-CV-0286-TM; CA A70409)

858 P2d 919

Warren John West, Bend, argued the cause and filed the brief for appellant.

G. Kenneth Shiroishi, Portland, argued the cause for respondent. With him on the brief were Robert L. Nash and Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Plaintiff appeals from an order granting defendant Farmers Insurance Company's motion for summary judgment. ORCP 47. We reverse and remand.

Plaintiff lived with his mother in Oregon until he went on active duty with the army in October, 1986. In November, 1988, while plaintiff was stationed in Kentucky, he was injured in an automobile accident. He sought coverage under a clause in his mother's automobile insurance policy with defendant that provided for uninsured/underinsured motorist coverage for the named insured or a "family member," defined as "a person related to [the named insured] by blood, marriage or adoption who is a resident of your household." The sole question on appeal is whether the trial court erred in granting defendant's motion for summary judgment on the basis that, as a matter of law, plaintiff was not a resident of his mother's household.

■ ■   Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lamorie v. Warner Pacific College*, 119 Or App 309, 312, 850 P2d 401 (1993). Plaintiff argues that the trial court erred in granting summary judgment, because there was a material issue of fact about whether he was a resident of his mother's household. We agree.

■   The question of whether a person is a resident of a household, for the purpose of determining coverage under an insurance contract, is a question of fact. *Garrow v. Pennsylvania Gen. Ins. Co.*, 288 Or 215, 603 P2d 1175 (1979); *Waller v. Rocky Mtn. Fire & Casualty*, 272 Or 69, 71-72, 535 P2d 530 (1975); *Farmers Insurance Company v. Stout*, 82 Or App 589, 728 P2d 937 (1986), *rev den* 302 Or 657 (1987); *Federated Amer. Ins. v. Childers*, 45 Or App 379, 608 P2d 584, *rev den* 289 Or 275 (1980). In answering that question, the jury must consider several factors, including "whether [the injured party and the insured] live under one roof, the length of time they have lived there, whether the residence is intended to be permanent or temporary and whether they are financially dependent upon one another." *Farmers Insurance Company v. Stout, supra*, 82 Or App at 592. No one factor is dispositive.

■ Defendant cites *Stout* and contends that, as a matter of law, plaintiff could not have been a resident of his mother's household, because he was not living under the same roof as his mother while he was in Kentucky. Essentially, defendant's argument is that the physical presence factor is dispositive. That is not the law. *Farmers Insurance Company v. Stout, supra*, 82 Or App at 592; *see also Federated Amer. Ins. v. Childers, supra* (child temporarily away from home for school or a summer job may still be a resident of his father's household). By its very nature, military service usually requires a child to leave home. The enlisted person may be sent away to basic and specialized training camps, and may be stationed at bases in other states or abroad. Alone, that absence does not answer the question of whether the child is a resident of an insured parent's household.

■ When applying the *Stout* factors under these circumstances, the jury should employ an alternate analysis of the "living under the same roof" factor. Instead of directing the inquiry toward whether an enlisted person was physically under the same roof as an insured parent, the jury should determine whether the facts establish that there was an intention to live under the same roof and that the physical absence was only temporary. Some relevant facts include whether the child lived in the household before enlisting, whether the child returns home on leaves, whether the child left significant personal items behind, whether the child uses the home address as a permanent address, whether the child has established permanent residence elsewhere and whether the child intended to return to the parent's home.

Viewing the evidence in the light most favorable to plaintiff, the party opposing the motion for summary judgment, *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978), and drawing all reasonable inferences in his favor, *Uihlein v. Albertson's Inc.*, 282 Or 631, 634, 580 P2d 1014 (1978), there are genuine issues of material fact about whether plaintiff intended to return home after his military service. Therefore, the trial court erred in granting summary judgment.

Reversed and remanded.