Argued and submitted June 15, reversed and remanded October 20, 1993

OREGON MUTUAL INSURANCE COMPANY,
an Oregon corporation,
*Respondent,*

*v.*

Frank CLEMENS
and Leona Clemens,
*Appellants,*

*and*

Ted CLEMENS
and Penny Kay Clemens, guardian ad litem for
Kirk A. Clemens, a Minor,
*Defendants.*

(9204-02704; CA A76552)

861 P2d 372

Vernon Cook argued the cause and filed the briefs for appellants.

Cathy E. Smith argued the cause for respondent. With her on the brief was Underwood, Norwood & Hiefield.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

In this declaratory judgment action, Frank and Leona Clemens (defendants)[1] appeal, assigning error to the trial court's grant of summary judgment for plaintiff Oregon Mutual Insurance Company (OMIC). ORCP 47. We reverse and remand.

■ Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lamorie v. Warner Pacific College*, 119 Or App 309, 312, 850 P2d 401 (1993). We view the facts in the light most favorable to defendants, the parties opposing the motion for summary judgment, *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978), and draw all reasonable inferences in their favor. *Uihlein v. Albertson's, Inc.*, 282 Or 631, 634, 580 P2d 1014 (1978).

In December, 1990, defendants' son, Ted, his wife, Penny, and their two sons, Kirk and Eric, moved into defendants' home. Ted and his family had been asked to leave their apartment and could not find new housing because of bad credit. In his affidavit, Ted stated that he intended to have his family live with defendants only until he and his wife improved their financial situation. He also stated that they left most of their possessions in storage, taking with them only a bed, a desk, a television, a video recorder, a fish tank, clothes and some toys.

Ted and Penny separated in February, 1991, and Penny moved out, leaving the children with Ted. In March, 3-year-old Kirk suffered serious head injuries when a loaded gun that 4-year-old Eric found in the house discharged.[2] As guardian *ad litem* for Kirk, Penny brought negligence actions against defendants and Ted.

Defendants have homeowner's insurance with OMIC. The policy provides coverage for "all sums for which any insured is legally liable because of bodily injury * * * caused by an occurrence to which this coverage applies."

---

[1] The appeal was dismissed as to Ted Clemens and Penny Clemens in her capacity as guardian *ad litem* for Kirk.

[2] It is unclear from this record how the injuries occurred.

(Emphasis deleted.) It also provides that OMIC will defend any suit seeking damages arising out of bodily injury, unless it is excluded under the policy. After the negligence actions were filed, OMIC brought this action for declaratory judgment against defendants, Ted and Penny in her capacity as guardian *ad litem* for Kirk. OMIC sought declarations that the accident was not covered under the policy and that it had no obligation to provide a defense for any of the defendants in the negligence actions.

OMIC then moved for summary judgment, arguing that the accident was not covered under the policy, because it excludes coverage of "bodily injury * * * to you and, if residents of your household, your relatives, and any other person under the age of 21 in your care or in the care of your resident relatives." (Emphasis deleted.) It argued that Kirk was a relative and a resident of the household at the time of the accident.[3] In the alternative, it argued that Kirk was under the age of 21 and in defendants' care. The trial court granted the motion for summary judgment and declared that the policy did not cover the accident and that OMIC had no obligation to defend any of the defendants in the negligence actions. The court did not state on which ground it granted the motion for summary judgment.

Defendants argue that the trial court erred in granting summary judgment, because there are genuine issues of material fact about whether Kirk was a "resident" of defendants' household at the time of the accident and whether he was in their care.

For the purpose of determining coverage under an insurance contract, the question of whether a person is a resident of a household is a question of fact. *Jordan v. Farmers Ins. Co.*, 123 Or App 109, 111, 858 P2d 919 (1993); *see also Farmers Insurance Company v. Stout*, 82 Or App 589, 728 P2d 937 (1986), *rev den* 302 Or 657 (1987). It becomes a question of law only in those instances when the "evidence does not disclose a factual situation from which it can be said

---

[3] OMIC's argument focused on whether *Ted* was a resident, because Kirk's residence follows that of his father, who had custody of him. *See Lorenz v. Royer et ux.*, 194 Or 355, 368, 241 P2d 142, 242 P2d 200 (1952), *overruled on other grounds Hawkins v. Hawkins*, 264 Or 221, 504 P2d 709 (1972).

that differing inferences can be drawn." *Garrow v. Pennsylvania Gen. Ins. Co.*, 288 Or 215, 220, 603 P2d 1175 (1979). Here, the evidence on the issue of residency does not compel only one inference. The question remains one of fact.

■    In determining whether a person is a resident of an insured's household, the factfinder must consider several factors, including "whether the two people [alleged to be residents of the same household] live under one roof, the length of time they have lived there, whether the residence is intended to be permanent or temporary and whether they are financially dependent upon one another." *Farmers Insurance Company v. Stout, supra*, 82 Or App at 592. No one factor is dispositive. *Jordan v. Farmers Ins. Co., supra*, 123 Or App at 111. In this case, there are, at a minimum, factual questions about whether Ted intended defendants' home to be a permanent or temporary residence for him and his children, and whether Ted and defendants were financially interdependent. The trial court therefore erred in granting summary judgment, if it did so on that basis.

■    OMIC's alternative ground for summary judgment was the policy exclusion for a person under 21 years of age who was in the care of the insured. The phrase "in your care" is not defined in the policy. OMIC argues that it should be interpreted broadly, so that the exclusion would apply even when the policyholders do not have direct supervision over a child. Defendants argue that the phrase is ambiguous. We agree that it is ambiguous, because it "could reasonably be given a broader or narrower meaning, depending upon the intention of the parties in the context in which such words are used by them." *Shadbolt v. Farmers Insur. Exch.*, 275 Or 407, 411, 557 P2d 478 (1976). Therefore, our task is to interpret the phrase "according to what we perceive to be the understanding of the ordinary purchaser of insurance." *Joseph v. Utah Home Fire Ins. Co.*, 313 Or 323, 835 P2d 885 (1992).

■    As used in this contract, the phrase "in your care" is a policy exclusion provision. We believe that the ordinary purchaser of insurance would understand this provision to exclude from coverage any person under the age of 21 for

whom the policyholder had the responsibility of care. Furthermore, we believe that the ordinary purchaser of insurance would understand "care" to include "supervision, management, responsibility for or attention to safety and well being." *Webster's Third New International Dictionary* 338 (unabridged 1976). Whether a policyholder had the responsibility of care for a person under the age of 21 depends upon the facts in each case. Therefore, summary judgment is not appropriate, unless the evidence reveals a factual situation from which only one inference can be drawn. *See, e.g., Garrow v. Pennsylvania Gen. Ins. Co., supra*, 288 Or at 220. We cannot say that the limited evidence before us meets that standard. The trial court therefore erred in granting summary judgment, if it did so on the basis of the "in your care," because there are genuine issues of material fact about whether Kirk was in defendants' care at the time of the accident.

Summary judgment was not appropriate on either of the two bases presented to the trial court.

Reversed and remanded.