Argued and submitted September 17, reversed and remanded December 8, 1993

Edward REMINGTON,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(91C-11614; CA A77471)

864 P2d 877

William B. Wyllie argued the cause and filed the briefs for appellant.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge, and Richardson,* Chief Judge, and Leeson, Judge.

PER CURIAM

_____

* Richardson, C. J., *vice* Landau, J.

## PER CURIAM

The trial court granted defendant's motion for summary judgment on the ground that plaintiff's claim for breach of a settlement agreement was barred by what the trial court characterized as a prior common law arbitration award. Plaintiff appeals, and we reverse.

Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lamorie v. Warner Pacific College*, 119 Or App 309, 312, 850 P2d 401 (1993). The trial court held that plaintiff's request for a settlement status conference while the case was still pending in federal court was a request for arbitration. It also held that the views expressed by the magistrate during the telephone status conference and in a subsequent letter to the parties were a common law arbitration award that precluded plaintiff from pursuing his claim in state court.

Even assuming that an arbitration would bar a claim for breach of a settlement agreement, the status conference here was not an arbitration. Neither can the advice that the magistrate offered to the parties at the conference be construed as an arbitration award. *Cf. Halvorsen-Mason Corp. v. Emerick Const. Co.*, 304 Or 407, 412, 745 P2d 1221 (1987) (common law arbitration occurred where explicit oral agreement to arbitrate existed and there were arbitral proceedings with a subsequent award). Therefore, the trial court erred in holding that plaintiff's claim was barred.

Reversed and remanded.